■ ERNEST LEWIS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [955 NYS2d 6]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 9, 2011, after a jury trial, awarding plaintiffs the principal amounts of $2,500,000 for past pain and suffering, $4,000,000 over 10 years for future pain and suffering and $283,202.90 for past hospital, rehabilitation and medical expenses, unanimously affirmed, without costs.

The trial court providently exercised its discretion in charging the jury as to the common carrier's duty when a passenger is disabled (PJI 2:162), which asked the jury to consider plaintiff's infancy, to the extent that the driver knew or should have known of it. The charge took into account the existing circumstances and did not create a higher duty of care (*see Bethel v New York City Tr. Auth.*, 92 NY2d 348, 351 [1998]). Plaintiff could be considered a "passenger," as he was trying to catch the bus at the time of the accident and testified that he had indicated his desire to board the bus by tapping on it.

The jury's finding that defendants were solely at fault was supported by sufficient evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). Based upon the evidence presented at trial, including testimony that plaintiff had tapped on the stopped bus as he approached it from the rear, and that his mother stood in front of the bus's open doors while gesturing him to come forward, it was reasonable for the jury to conclude that the driver, who admitted that he saw a "shadow" approaching, had acted negligently in pulling out of the bus stop and that plaintiff was not at fault.

The evidence shows that plaintiff suffered a serious injury to his right leg, including a fractured fibula, which required open reduction and internal fixation, and a degloving injury, which required skin and muscle grafting and several debridements. These injuries required extensive hospitalization and rehabilitation and resulted in scarring, worsening arthritic changes, permanent loss of range of motion and sensation, and a need for a future ankle fusion. Defendants offered no expert testimony as to damages. Accordingly, we find the damages award not to be excessive. Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.